UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

TWAIN E. ROBINSON,

        Plaintiff,

        v.                              Case No. 06-C-1022

CITY OF KENOSHA,
KENOSHA POLICE DEPARTMENT,
KENOSHA PROFESSIONAL
POLICE ASSOCIATION,

        Defendants.

---

**ORDER DENYING DEFENDANT KENOSHA PROFESSIONAL POLICE ASSOCIATION'S MOTION TO DISMISS, PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND DISCOVERY**

**I. Introduction**

On September 29, 2006, plaintiff, Twain E. Robinson, filed this pro se civil rights action against defendants, City of Kenosha, the Kenosha Police Department and the Kenosha Professional Police Association. The complaint charges that defendants wrongfully terminated Robinson because of his race and for whistle blowing. The complaint further alleges that the attorney provided to the plaintiff by the Kenosha Professional Police Association (KPPA) failed to represent him adequately in the Police and Fire Commission hearing and the subsequent appeal, leading to his termination. The KPPA now seeks dismissal of the case pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Motion to Dismiss Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action under Rule 12(b)(6) is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195

F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; instead, it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999); *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001).

Federal notice pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of his claim; fair notice does not require every element of a legal theory to be specifically set forth. *See Scott*, 195 F.3d at 951 and Fed. R. Civ. P. 8(a). Conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002). Because Robinson represents himself in this case, the court must liberally construe his allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III. Discussion**

The KPPA's motion to dismiss contains two arguments why Robinson failed to state a claim upon which relief can be granted. First, it offers that Robinson failed to assert any legal claim against the Association. Second, the KPPA contends that Robinson's claim is time-barred.

As to the first contention, review of Robinson's complaint discloses that it states, in part: "My lawyer, assigned by the Kenosha Police Association did not properly represent me during my Police and Fire Commission hearing which led to my termination. Nor did he represent me properly during my appeal to circuit court which was denied." Reading the complaint in the light most favorable to the plaintiff (the nonmoving party), it appears that Robinson is attempting to assert to a claim of a breach of the duty of fair representation against the KPPA. Although the KPPA contends that at most this claim

alleges malpractice by the attorney who represented Robinson in his actions against the City of Kenosha and the Kenosha Police Department, the same can be construed as a claim against the KPPA. That the KPPA is able to identify Robinson's statement as an attempt to state a breach of its duty of fair representation is further evidence that Robinson has complied with Fed. R. Civ. P. 8(a) and has given the KPPA notice of his claim in this action.

There is no statute of limitations expressly applicable to a claim for breach of the duty of fair representation. However, in *DelCostello v. International Brotherhood of Teamsters, et al.*, 462 U.S. 151 (1983), the United States Supreme Court held that § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), should be the applicable statute of limitations governing a suit of this type. *See id.* at 155-58; *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 303 (7th Cir. 1983); *Chapple v. National Starch & Chemical Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999). Title 29 U.S.C. § 160(b) states in part:

> [t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon any person against whom such charge is made, unless the person aggrieved thereby was prevented from filing such charge by reason of service in the armed forces, in which event the six-month period shall be computed from the day of his discharge.

In view of this governing provision, the claim against the KPPA must have been brought within six months of a final decision on Robinson's grievance or from the time that Robinson discovered, or in the exercise of reasonable diligence should have discovered, that his grievance would proceed no further. *Chapple*, 178 F.3d at 505 (citations omitted).

As mentioned above, the complaint in this case was filed on September 29, 2006. Given the six-month statute of limitations applicable to claims of this nature, for

3

Robinson's claim to be timely, the final decision regarding his grievance must have been made on or after March 29, 2006.

Although Robinson complains about the Union attorney's representation in both the Police and Fire Commission hearing and his appeal to the circuit court, he does not provide the court with the exact date the circuit court affirmed the Police and Fire Commission's decision. The only date mentioned in Robinson's complaint is September 2005, when he was terminated. Because this court is constrained by Fed. R. Civ. P. 12(b) and may consider only the pleadings in determining whether Robinson has stated a claim as it is conceivable that the circuit court of appeals decided Robinson's appeal after March 29, 2006.

As a final matter, the court notes that Robinson has filed a Motion for Summary Judgment (Doc. #25) and a Motion for Discovery (Doc. #27). Both will be denied for failure to comply with the applicable procedural rules.

Civil Local Rule 56.2 requires a party seeking summary judgment to comply with Rule 56 of the Federal Rules of Civil Procedure as well as Civil Local Rule 7.1. In addition,

> The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).
>
> (1) The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.

4

> (2) Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far as practicable to a single factual proposition.

Discovery motions are governed by Civil Local Rule 37.1 which states:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

While the court suspects that Robinson's summary judgment motion was solely an attempt to reply to the KPPA's motion to dismiss, it is unquestionable that it misses the mark as a request for summary judgment. Further, Robinson's discovery request provides no indication that the made a formal discovery demand on the City of Kenosha, that the City refused to provide the information he requested, and that he consulted with the City's attorney to obtain the discovery to no avail.

Now, therefore,

IT IS ORDERED that the Kenosha Professional Police Association's Motion to Dismiss is denied.

IT IS FURTHER ORDERED that the plaintiff's Motion for Summary Judgment and Motion for Discovery are denied.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE