TWAIN E. ROBINSON,

      Plaintiff,

      v.                                         Case No. 06-C-1022

CITY OF KENOSHA,
KENOSHA POLICE DEPT., and
KENOSHA PROFESSIONAL
POLICE ASSOCIATION,

      Defendants.

## AFFIDAVIT OF POLICE CAPTAIN RANDALL P. BERNER

STATE OF WISCONSIN    )
                                 ) ss
KENOSHA COUNTY      )

      Randall P. Berner, being duly sworn, deposes and states as follows:

      1. My name is Randall P. Berner and I am a Police Captain with the City of Kenosha Police Department. I have been a Captain since January 1, 2004. Prior to being promoted to Captain, I was a Police Lieutenant with the Kenosha Police Department from January 1, 1999 to December 31, 2003. I have been an officer with the City of Kenosha Police Department since November 1978.

      2. My job duties include conducting internal investigations into allegations of misconduct by police officers. I have been specifically trained to conduct internal investigations. At the time I investigated Officer Robinson, I had conducted approximately a dozen internal investigations for the Department both at the internal level and the shift level. It is my job to conduct an internal

-1-

investigation as thoroughly and as impartially as possible, and to submit the investigation finding to the Police Chief.

3. City of Kenosha Police Chief Daniel Wade (now retired) chose me to conduct an internal investigation into the citizen complaint filed by Caleb Washington against City of Kenosha Police Officer Twain Robinson on March 19, 2005. Mr. Washington claimed that Officer Robinson used excessive force on two occasions when he arrested Washington on March 19, 2005.

4. Chief Wade assigned Captain Tom Genthner to assist me in conducting the internal investigation.

5. When conducting the investigation I had no preconceived notion that Officer Robinson would face disciplinary action.

6. Prior to and during the course of the internal investigation I had no bias or prejudice toward Officer Robinson.

7. At no time, either at the time of the assignment or during the time I conducted the internal investigation, did Chief Wade suggest to me what the result of the investigation should be.

8. I kept the Chief updated during the course of the internal investigation. Chief Wade did not make any decision regarding discipline until after receiving our final report.

9. In our final report, Captain Genthner and I found that the Kenosha Police Department's Rules and Regulations had been violated, including the Department's rule on an officer's use of excessive force. A true and accurate copy of our final report to Chief Wade is attached as **Berner Aff. Exhibit 1.**

10. Capt. Genthner and I did not make any recommendations to Chief Wade as to the level of discipline to be imposed upon Officer Robinson.

11. On June 30, 2005, Chief Wade filed disciplinary charges against Officer Twain Robinson with the City of Kenosha Police & Fire Commission, seeking termination of Robinson from the department. A true and accurate copy of the charges are attached as **Berner Aff. Exhibit 2.**

12. On August 23 and 24, 2005, the City of Kenosha Police and Fire Commission ("PFC") held hearings on the charges filed by Chief Wade against Officer Robinson. I attended the hearings, heard all of the witness testimony, and was called to testify as a witness about the internal investigation.

13. Officer Robinson was present during the hearing, and was represented by Attorney Robert K. Weber of the law firm of Weber & Cafferty located in Racine, Wisconsin.

14. During the hearing, Robinson did not provide any evidence to the PFC relating to any complaints he filed with the City of Kenosha Police Department regarding discrimination or racism.

15. During the hearing, Robinson did not provide any evidence to the PFC supporting his claim that he was warned he would be next to be fired because he refused to agree to be a confidential informant when the police department was allegedly harassing another African American officer.

16. During the hearing, Robinson did not provide any evidence supporting his claim that he discovered an alleged dereliction of duty on the part of the Detective Bureau that resulted in the homicide death of a woman, or that he reported it to his shift commander. Robinson did not provide any evidence supporting his claim that he learned through a detective that the administration issued an arrest warrant for the alleged accused killer after he had committed suicide so they could, in case of an inquiry, state that they had been searching for the subject when allegedly they had not. Robinson did not provide any evidence supporting his claim that he was allegedly again warned to

watch his back for blowing the whistle.

17. During the hearing, Robinson did not provide any evidence supporting his claim that after his return from recall to active military duty after 9/11/01, he was solicited by detectives and Internal Affairs to assist in their alleged attempts to "destroy" another officer. Robinson did not provide any evidence supporting his claim that, after he allegedly refused, they included him in their investigation.

18. During the hearing, Robinson did not provide any evidence supporting his claim that when he allegedly discovered the dereliction of duty and reported it, he witnessed a call-in which included Detective Supervisors, Internal Affairs, Chief of Police and an Assistant District Attorney. He did not provide any evidence supporting his claim that the alleged administrators came to the detective bureau at approximately 8:00 p.m. to discuss how they were going to handle the situation. He did not provide any evidence supporting his claim that he allegedly was approached by his shift commander, Captain Fulmer and another supervisor, Sergeant Fonk, who both allegedly tried to convince him not to make a "big deal" of it because "These things happen." Robinson did not provide any evidence supporting his claim alleging that approximately one week later the detective that was assigned the case approached him outside in the parking lot and told him that they were able to issue a warrant for the suspect after he committed suicide to cover themselves (the City) from liability. Robinson did not provide any evidence supporting his claim that the detective allegedly told Robinson to watch his back because he blew the whistle.

/s/ Captain Randall P. Berner
Captain Randall P. Berner

Subscribed and sworn to before me
this  4  day of February, 2008.

 CynDee A. Hoffmann
Notary Public, State of Wisconsin
My Commission 5-16-10        .

-5-